IN THE UNITED STATES
DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **KARRIE KRAUSE** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-CV-00012 |
| ) | |
| **GC SERVICES, LP** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve Defendant at: ) | |
| CT Corp System ) | |
| 120 South Central Avenue ) | |
| St. Louis, Missouri 63105 ) | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, Karrie Krause, and for her Class Action Complaint states as follows:

## INTRODUCTION

1.    This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for damages pursuant to the Telephone Consumer Protection Act.

2.    Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

3.    This Court has jurisdiction of the FDCPA and TCPA claims.

## PARTIES

1

4.      Plaintiff is a natural person currently residing in Jefferson County, Missouri.  Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5.      Defendant is a collection agency and debt buyer registered in Missouri as a foreign corporation.  The principal business purpose of Defendant is the collection of debts nationwide and regularly attempts to collect debts alleged to be due another.

6.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. § 1692a(6).

## FACTS

### *Collection Activity Against Plaintiff*

7.      Defendant has made several attempts to contact Plaintiff by telephone.

8.      Defendant has left the following voicemail on Plaintiff's telephone, "This message is for Karrie Krause.  This is Jason Hendershot (sp).  Please call me at (855) 435-3436.  Thank you."

9.      Defendant has left several voicemails similar to this on Plaintiff's cellular telephone.

10.     This message is not in compliance with the FDCPA, in that Defendant failed to identify itself as a debt collector and provide the mini-Miranda to Plaintiff.

## CLASS ALLEGATIONS

11.     Upon information and belief, it is Defendant's routine practice to violate the FDCPA by leaving telephone messages without identifying itself as a debt collector.

12. Upon information and belief, it is Defendant's routine practice to violate the TCPA by using an automatic dialer to call consumers' cellular phones without the consumers' prior express consent in non-emergency situations wherein the consumer is charged for the call.

13. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The two-part class consists of the following persons:

    a. Part one (the "FDCPA class"): all residents of the United States who received, within one year prior to the date of the Complaint, a telephone message from Defendant wherein it did not disclose its identity as a debt collector;

    b. Part two (the "TCPA class"): all residents of the United States who received, within one year prior to the date of the Petition, a telephone call on a cellular phone from Defendant wherein Defendant used an autodialer in a non-emergency situation without the recipient's consent.

14. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high volume debt collector that attempts to collect many thousands of consumer debts throughout the United States.

15. Upon information and belief, Defendant has engaged in the improper collection communications and telephone calls described above with thousands of consumers.

16. Plaintiff is a member of the class she seeks to represent.

17. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

18. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent him from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

19. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendant.

20. Most, if not all, the facts needed to determine damages are obtainable from the Defendant's records.

21. The purposes of the FDCPA and the TCPA will be best effectuated by a class action.

22. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

23. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

24. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

25. Five common questions of law and fact predominate over all individual questions in this action. The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant has sought to collect from class members constitute "consumer debt" under the FDCPA; (3) whether Defendant identified itself as a debt collector when leaving messages for class members; (4) whether Defendant used an autodialer to contact class members' cellular phones; and (5) whether Defendant's autodialed calls were authorized by the class members for a non-emergency purpose.

26. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

27. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

28. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

30. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

    a. Using unfair or unconscionable means to collect or attempt to collect the alleged debt.

    b. Failure to identify oneself as a debt collector.  15 USC 1692 (d) (6).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Release of the alleged debt;

    D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

    E. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

31. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

32. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

    a. By placing several non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff, causing Plaintiff to be charged for incoming calls.  47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

F.	Declaratory judgment that Defendant's conduct violated the TCPA;

G.	Actual damages;

H.	Statutory damages pursuant to 47 USC (b)(3); and

I.	For such other relief as the Court may deem just and proper.


**THE EASON LAW FIRM, LLC**

/s/ James W. Eason

_____

**JAMES W. EASON, #57112**
**124 Gay Avenue, Suite 200**
**St. Louis, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**
**Email: james.w.eason@gmail.com**